```
1  Brett Yorke, Esq. (State Bar #289353)
   LAW OFFICE OF BALL & YORKE
2  1001 Partridge Drive, Suite 330
   Ventura, CA 93003
3  (805) 642-5177; (805) 642-4622 Fax
4
5  Attorney for Plaintiff,
   Ma Norma Perez Tafoya
6
7
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| MA NORMA PEREZ TAFOYA,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; and DOES 1 through 25, Inclusive,<br><br>    Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br>1. **FEDERAL TORT CLAIMS ACT (28 U.S.C. §§1346 (b), 2674)** |
|---|---|

### I.

### FIRST CAUSE OF ACTION

### <u>FEDERAL TORT CLAIMS ACT</u>

(As to Defendant United States Of America)

### JURISDICTION

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671.80, as hereinafter more fully applies.

2. Jurisdiction is conferred upon this court by 28 U.S.C. § 1346(b).

///

PLAINTIFF'S
COMPLAINT FOR DAMAGES

3. Pursuant to 28 U.S.C. § 2675(a) the claim set forth herein was presented to Department Of The Navy on June 17, 2019.

4. To date, The Department Of The Navy has neither accepted nor denied the claim.

## VENUE

5. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1402(b).

## PARTIES

6. Plaintiff MA NORMA PEREZ TAFOYA (hereinafter "Plaintiff") is a citizen of the United States. Plaintiff resides in Ventura County, State of California, within the confines of this court. The alleged acts or omissions occurred in the Central District of California.

7. Defendant UNITED STATES OF AMERICA (herein after "Defendant") maintains a governmental agency, Department Of The Navy whose employees referred to herein, and, at the relevant time of the actions alleged herein were conducting U.S. business in Ventura, California.

8. At this time, Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when ascertained.

9. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by these aforementioned Defendants.

10. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants were the agents or employees of other named defendants and acted within the scope of that agency or employment.

11.   Plaintiff is required to comply with a claims statute, and has complied with applicable claims statutes.

### FACTUAL HISTORY AND GENERAL ALLEGATIONS

12.   This is a civil action for personal injuries suffered by Plaintiff against Defendant. This action arises out of a motor vehicle accident on August 29, 2018, in the City of Ventura, County of Ventura. Plaintiff was a passenger in a vehicle traveling northbound on Wells Road at its intersection with Telegraph Road. As Plaintiff's vehicle proceeded through the intersection, a vehicle driven by John Johnson, at an unsafe speed and against a red light, collided with Plaintiff's vehicle. At the time of the accident, John Johnson was acting within the course and scope of his employment with the U.S. Navy. The Defendant's negligence was a substantial contributing factor in causing Plaintiff's injuries.

13.   Plaintiff suffered injuries and damages as a direct and proximate result of Defendants' negligence, including but not limited to:

    a.   wage loss;
    b.   loss of use of property;
    c.   hospital and medical expenses;
    d.   general damage;
    e.   property damage;
    f.   loss of earning capacity;
    g.   incidental damages according to proof; and
    h.   prejudgment interest pursuant to Civil Code section 3291.

### PRAYER

***WHEREFORE***, Plaintiff prays for judgment as follows:

1.   For general damages, according to proof at trial;
2.   For hospital and medical expenses, according to proof at trial;
3.   For additional special damages, according to proof at trial;
4.   For incidental damages, according to proof at trial;

    5.    For prejudgment interest pursuant to Civil Code §3291, according to proof at trial;

    6.    For costs of suit herein incurred; and,

    7.    For other such and further relief as the Court may deem just and proper.

DATED: 12/17/19

LAW OFFICE OF BALL & YORKE

By: _____
Brett Yorke
Attorney for Plaintiff,
Ma Norma Perez Tafoya

-4-

PLAINTIFF'S
COMPLAINT FOR DAMAGES